IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEVRIES,                         No. 2:05-cv-0235-MCE-GGH-P

    Petitioner,

  v.                                     <u>ORDER</u>

GOVERNOR SCHWARZENEGGER, ET AL.,

    Respondents.
_____/

    Petitioner, a state prisoner proceeding pro se, has filed this Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On October 13, 2005, the magistrate judge filed Amended Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty (20) days.

1

1  Both parties have filed Objections to the Findings and
2  Recommendations.
3      In accordance with the provisions of 28 U.S.C.
4  § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a
5  de novo review of this case.  Having carefully reviewed the
6  entire file, the Court finds the Findings and Recommendations
7  rejecting Petitioner's claim that he has a constitutional right
8  not to be handcuffed at a parole hearing to be supported by the
9  record and by proper analysis.  The Court rejects, however, the
10 magistrate judge's recommendation that Respondent's Motion to
11 Dismiss be granted on grounds that the California parole scheme
12 for indeterminate sentences, as set forth in California Penal
13 Code § 2041, does not give rise to a federally protected liberty
14 interest pursuant to the undersigned's decision in <u>Sass v. Cal.</u>
15 <u>Bd. of Prison Terms</u>, 376 F. Supp. 2d 975 (E.D. Cal. 2005).  The
16 Ninth Circuit,  in <u>Sass v. Cal. Bd. of Prison Terms</u>,  2006 WL
17 2506393, at *4 (9th Cir. Aug. 31, 2006), recently disagreed with
18 this Court's <u>Sass</u> analysis, holding that California law does
19 afford a constitutionally protected liberty interest in a parole
20 date.  Consequently, the Ninth Circuit's <u>Sass</u> decision undercuts
21 the rationale for recommending that the instant Motion to Dismiss
22 be granted on that issue, and instead mandates that said Motion
23 be denied as to Respondent's claim that there is no liberty
24 interest under California law in parole.
25 ///
26 ///

2

Accordingly, IT IS HEREBY ORDERED that:

1. The Amended Findings and Recommendations, filed October 13, 2005, are adopted in part and rejected in part consistent with the foregoing;

2. Respondent's March 16, 2005 Motion to Dismiss is granted with respect to Respondent's claim that Petitioner has no constitutional right not to be handcuffed at a parole hearing, but denied as to Respondent's claim that there is no federally cognizable liberty interest in parole under California law; and

3. Respondent is directed to file a response to Petitioner's Application within thirty (30) days following the date of this Order.  Petitioner's reply, if any, shall be filed and served within thirty (30) days following service of an answer.

DATED: September 28, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

3