1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL DEVRIES,

11            Petitioner,                    No. CIV S-05-0235 MCE GGH P

12        vs.

13   GOVERNOR SCHWARZENEGGER, et al.,

14            Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  In 1986 petitioner was convicted of second degree murder

19   and sentenced to 17 years to life.  Petitioner challenges the May 2004 decision by the Board of

20   Parole Hearings (BPH) finding him unsuitable for parole on grounds that there was insufficient

21   evidence to support the decision.  After carefully reviewing the record, the court recommends

22   that the petition be denied.

23   II.  Anti-Terrorism and Effective Death Penalty Act (AEDPA)

24            The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this

25   petition for habeas corpus which was filed after the AEDPA became effective.  Neelley v. Nagle,

26   138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997).  The

AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir. 1997).

In <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. <u>Id</u>. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. <u>Williams (Terry)</u>, 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Williams (Terry)</u>, 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. <u>Woodford v. Viscotti</u>, 537 U.S. 19, 123 S. Ct. 357 (2002).

/////

1    The state courts need not have cited to federal authority, or even have indicated

2    awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 123 S.

3    Ct. 362 (2002).  Nevertheless, the state decision cannot be rejected unless the decision itself is

4    contrary to, or an unreasonable application of, established Supreme Court authority.  Id.  An

5    unreasonable error is one in excess of even a reviewing court's perception that "clear error" has

6    occurred.  Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003).  Moreover, the

7    established Supreme Court authority reviewed must be a pronouncement on constitutional

8    principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules

9    binding only on federal courts.  Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

10    However, where the state courts have not addressed the constitutional issue in

11    dispute in any reasoned opinion, the federal court will independently review the record in

12    adjudication of that issue.  "Independent review of the record is not de novo review of the

13    constitutional issue, but rather, the only method by which we can determine whether a silent state

14    court decision is objectively unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.

15    2003).

16    Petitioner filed a habeas corpus petition in the Alameda County Superior Court

17    raising the claim brought in the instant petition. Answer, Exhibit D.  On July 27, 2004, the

18    Superior Court issued a reasoned decision denying the petition.  Id., Exhibit D.  The California

19    Court of Appeal and California Supreme Court summarily denied petitioner's state habeas

20    petitions.  Id., Exhibits D, E.  Accordingly, the court considers whether the denial of the claim by

21    the Superior Court was an unreasonable application of clearly established Supreme Court

22    authority.  Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (when reviewing a

23    state court's summary denial of a claim, the court "looks through" the summary disposition to the

24    last reasoned decision).

25    /////

26    /////

1    III.  <u>Discussion</u>

2         The BPH relied on one unchanging factor to find petitioner unsuitable for parole:

3 the offense was carried out in a calculated manner.  Answer, Exhibit B, pp. 101-102.  Petitioner

4 argues that the BPH's reliance on this unchanging factor to find him unsuitable violated his right

5 to due process.

6         Due process requires that the BPH's decision finding a prisoner unsuitable for

7 parole must be supported by "some evidence."  <u>Sass v. California Bd. of Prison Terms</u>, 461 F.3d

8 1123, 1128 (2006).  In an order filed June 1, 2007, in <u>Bulpitt v. Mendoza-Powers, et al.</u>, CIV S-

9 06-0566 MCE GGH P, Judge England considered the BPH's reliance on unchanging factors, as

10 in the instant case, to find a prisoner unsuitable for parole.  Judge England found that a state

11 court decision upholding the BPH's use of immutable evidence, such as the circumstances of the

12 offense, to support a denial of parole is not an unreasonable application of the "some evidence"

13 standard.  CIV S-06-0566 MCE GGH P, June 1, 2007, order, p. 4: 16-18.  Judge England found

14 that as the Ninth Circuit Court of Appeals stated in <u>Sass</u>, <u>supra</u>, and recently reiterated in <u>Irons v.</u>

15 <u>Carey</u>, 479 F.3d 658 (9th Cir. 2007), a finding of unsuitability based on immutable factors that

16 occurred decades ago when all other factors point to suitability is sufficient to constitute "some

17 evidence" on which the petitioner can be found unsuitable for parole.  <u>Id.</u> [1]

18 
_____

19     [1] Of course, the conclusion regarding the unchangeable factor, here that the murder was "calculated," as found by the BPT, and later explicitly or implicitly by the state courts in the

20 exhaustion process, itself must be reasonable.  However, unless the conclusion is based on fabricated facts, or is otherwise irrational under the accepted facts, the conclusion will be

21 "reasonable."  Here, there is not any doubt from the facts, Exhibit B at 14-15 (detailing the killing of petitioner's estranged wife shortly after a spousal support hearing) that the murder was calculated.

22     That is the systemic problem as some would see it.  The calculated nature of the murder cannot change; the only thing that could change is that a later panel irrationally might conclude

23 that the murder was not calculated, or otherwise arbitrarily might decide not to take such a factor into account.  At present, there appears to be no way to rationally distinguish a grant from a

24 denial in the BPH parole process, when otherwise similarly situated and well behaved prisoners have the unchangeable crime factors assessed, i.e., almost every murder without exception will

25 involve some factor beyond that "minimally necessary to convict" which could be reasonably characterized as calculated, or callous, or trivial with respect to motive, etc.  Quaere whether it

26 makes more sense not to have a parole eligibility process than to have one that is indecipherable.

1    Pursuant to Judge England's order in <u>Bulpitt</u>, <u>supra</u>, the court finds that the

2  Superior Court's decision that sufficient evidence supported the BPH's 2004 decision finding

3  petitioner unsuitable for parole was not an unreasonable application of clearly established

4  Supreme Court authority.

5    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

6  a writ of habeas corpus be denied.

7    These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within ten days after service of the objections.  The parties are advised

13  that failure to file objections within the specified time may waive the right to appeal the District

14  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15  DATED: 7/3/07

16    /s/ Gregory G. Hollows

17    UNITED STATES MAGISTRATE JUDGE

18

19

dev235.157

20

21

22

23

24

25

26